■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY L. GREENE, Appellant. [601 NYS2d 966] —Weiss, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 18, 1991, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant opened a checking account at the Columbia Banking Federal Savings and Loan Association in the City of Elmira, Chemung County, using a $3,000 check drawn on his closed account with Sun Bank in Florida. He thereafter deposited in his account at Columbia a similar check drawn on Sun Bank in the sum of $2,500 and subsequently deposited two other worthless checks totaling $5,000, drawn on Chase Lincoln Bank in Rochester. Ultimately, defendant caused Columbia to pay to himself or on his behalf checks totaling $3,550. This appeal is from defendant's conviction after trial on the charge of grand larceny in the third degree.

We find no merit in defendant's contention that the indictment was invalid because the Grand Jury did not use the formal and technically correct name of the victim bank, i.e., Columbia Banking Federal Savings and Loan Association. The indictment was sufficiently precise to fully apprise defendant of the specific criminal conduct with which he was charged and to bar a subsequent prosecution for the same conduct (see, People v Morris, 61 NY2d 290). Similarly, the indictment clearly indicated that the crime occurred within Elmira, which vested the County Court of Chemung County with geographical jurisdiction of the crime (see, People v Moore, 46 NY2d 1, 6-7).

Defendant also contends that he was not notified of the precise time when the case would be presented to the Grand Jury and a precise deadline within which to notify the prosecutor of his intention to exercise his right to appear and testify. Contrary to defendant's argument, CPL 190.50 (5) (a) merely requires the prosecutor to notify defendant or his counsel of the prospective Grand Jury proceeding and to accord defendant a reasonable time in which to exercise his right to appear. The record supports County Court's finding

that notice to defense counsel was timely and that defendant had a reasonable time in which to exercise his right to testify *(see, People v Helm,* 51 NY2d 853).

Viewing the record in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the evidence meets both the "sufficiency of the evidence" and the "weight of the evidence" standards and fully supports the conviction *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant presents a history of several prior felony convictions and has not demonstrated any extraordinary circumstances or offered any tenable explanation for his conduct. We find that he has failed to support his contention that a 2½ to 5-year sentence for a class D felony is harsh and excessive under the circumstances presented here and therefore find no reason to disturb that sentence.

Mikoll, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.