■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL S. BAKER, Appellant. [827 NYS2d 744]—Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered December 6, 2005, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant, indicted for grand larceny in the third degree, pleaded guilty. Under the terms of the plea agreement, defendant was to be sentenced, as a second felony offender, to 2 to 4 years in prison if he paid restitution prior to sentencing and, if he did not, to $2\frac{1}{2}$ to 5 years in prison. Defendant did not pay restitution prior to sentencing and was sentenced as a second felony offender to $2\frac{1}{2}$ to 5 years in prison. He now appeals.

We affirm. We find no merit to defendant's contention that his sentence was improperly enhanced due to his failure to pay restitution. The terms of the plea agreement included the lengthier $2\frac{1}{2}$ to 5-year sentence in the event that defendant did not pay restitution and the record discloses that defendant entered a knowing, voluntary and intelligent guilty plea. Contrary to defendant's claim, Penal Law § 65.10 is inapplicable as he was not ordered to make restitution as a condition of a sentence or probation or conditional discharge. Furthermore, given defendant's lengthy criminal record and his failure to pay restitution, we do not find any extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Greene*, 195 AD2d 888, 889 [1993], *lv denied* 82 NY2d 850 [1993]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.