THIRD DEPARTMENT, MARCH, 2007

(March 1, 2007)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE R. VAL, Appellant. [830 NYS2d 391]—

Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered April 20, 2004, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant and another male brought two females, ages 17 and 14, to an apartment in the City of Troy, Rensselaer County, provided them with beer and then allegedly made sexual advances. Defendant's conduct with the 17-year-old resulted in a multicount indictment charging him with, among other crimes, rape in the first degree, attempted rape in the first degree and sexual abuse in the first degree. A jury found him not guilty of the rape and attempted rape counts. He was, however, convicted of sexual abuse in the first degree and County Court sentenced him to seven years in prison with three years of postrelease supervision. Defendant appeals.

We consider first defendant's argument that the element of forcible compulsion was not supported by legally sufficient evidence. "[T]he element of forcible compulsion is examined through the state of mind produced in the victim, and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002] [internal quotation marks and citations omitted]). On a challenge to the legal sufficiency of the proof, we view the evidence most favorable to the prosecution and consider whether a rational juror could have concluded that the elements of the crime were established beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 421 [1995]).

The 17-year-old victim voluntarily accompanied defendant, a casual acquaintance, to the apartment to hang out, drink beer, and watch a movie. She testified that she drank only a small amount of beer. She asked about the location of the bathroom, defendant went in first and then told her the light was not working. She entered thinking he had left, but he had remained in the dark bathroom. She heard a noise and defendant started groping her breasts. She was pinned against the sink by defendant, who was reportedly stronger than her. He pushed her down, pulled down her pants and got on top of her with his penis exposed. She recalled grabbing his penis to try and keep him from engaging in intercourse while telling him to "get the f. . . off me." A knock on the door and calling into the bathroom by the 14-year-old female helped bring an end to the incident. This evidence was legally sufficient to establish the forcible compulsion element of sexual abuse (*see People v Stephens*, 2 AD3d 888, 889 [2003], *lv denied* 2 NY3d 746 [2004]), and the other elements of the crime were also supported by sufficient evidence.

Next, we address defendant's weight of the evidence argu-

ment, where we consider the evidence in a neutral light and weigh the conflicting proof and inferences (*see People v Williams*, 25 AD3d 875, 875 [2006], *lv denied* 6 NY3d 854 [2006]). The jury's acquittal of the rape charge reflects that it was not convinced by the victim's testimony that penetration occurred during the bathroom incident and its verdict acquitting defendant of attempted rape shows it found the evidence insufficient regarding another incident that occurred in the apartment. Nevertheless, "[a] jury is 'free to selectively credit and reject any part of the testimony presented' by a witness" (*People v Bush*, 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005], quoting *People v Thornton*, 263 AD2d 782, 782-783 [1999], *lv denied* 93 NY2d 1046 [1999]). It did so in this case and, upon considering and weighing the evidence, we are unpersuaded to depart from the jury's determination.

We find merit, however, in the contention that less than the maximum sentence is warranted under the circumstances of this case. Defendant had no criminal record, was employed and was attempting to further his education. The jury rejected significant portions of the victim's testimony. The presentence investigation report indicates that the victim elected not to file an impact statement and the report characterized defendant as intelligent and motivated to succeed in life. While not diminishing the seriousness of the crime, we conclude that the jail time should be reduced from seven years to five years (*see generally People v Morin*, 192 AD2d 791, 794 [1993], *lv denied* 81 NY2d 1077 [1993]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to five years, and, as so modified, affirmed.