THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. HAMMOND, Appellant. [845 NYS2d 542]—

Rose, J. Appeal from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered November 3, 2005, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and bail jumping in the second degree.

As a result of writing four bad checks, defendant was charged with grand larceny in the fourth degree, a class E felony. When defendant failed to appear in court as required, having been released on his own recognizance, a bench warrant was issued for his arrest and he was then also charged with bail jumping in the second degree. Defendant pleaded guilty to both indictments and he was sentenced as a second felony offender to concurrent prison terms of 2 to 4 years for the grand larceny conviction and 1½ to 3 years for the bail jumping conviction. Defendant now appeals.

We initially reject defendant's contention that he was denied the effective assistance of counsel. Although he now claims that he had a contentious relationship with his attorney, defendant never asked for new counsel and, in fact, the plea allocution indicates that he was satisfied with her representation. Furthermore, at his arraignment on the initial felony charge, counsel successfully argued for defendant to be released on his own recognizance and, at his next appearance, she was able to get the matter adjourned for two months so that defendant could get money to take advantage of a favorable plea offer, entitling him to plead to a misdemeanor if he paid restitution in full before the plea and sentence. Finally, despite defendant's own conduct in failing to appear in court—resulting in the bench warrant, the additional bail jumping charge and the rescission of the plea offer of reduced sentencing exposure—defense counsel persuasively argued for concurrent sentences when, in

fact, consecutive sentences were not only permitted, but were also recommended by the prosecution. In these circumstances, and given that nothing in this record casts doubt upon counsel's effectiveness, we find that defendant was afforded meaningful representation (*see People v Cross*, 42 AD3d 586, 587 [2007]; *People v Lind*, 298 AD2d 765, 766 [2002], *lv denied* 99 NY2d 616 [2003]).

We likewise reject defendant's claim that his sentence is harsh and excessive. Notably, defendant was informed, and his counsel acknowledged, that the plea agreement as to the sentence— concurrent prison sentences of $1\frac{1}{2}$ to 3 years—was contingent upon his payment of the restitution prior to sentencing. Having failed to pay the restitution prior to being sentenced, County Court was permitted to impose an enhanced sentence (*see People v Baker*, 36 AD3d 968 [2007]; *see generally People v Birch*, 35 AD3d 1026, 1027 [2006]), and defendant was aware of this possibility when he entered his plea. In view of this, as well as defendant's prior criminal history and the fact that he could have received consecutive sentences, we do not find that County Court abused its discretion or that extraordinary circumstances exist warranting reduction of the sentence in the interest of justice (*see People v Mason*, 2 AD3d 1207, 1208 [2003]; *People v Moon*, 222 AD2d 747 [1995], *lv denied* 88 NY2d 882 [1996]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.