Cardona, P.J.
*383 Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered February 20, 2007. The order, among other things, granted plaintiffs’ motion for a preliminary injunction and denied defendants’ cross motion to dismiss the complaint. *1136 Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 10, 2006, upon a verdict convicting defendant of the crimes of assault in the second degree and endangering the welfare of a child.
Following a jury trial, defendant was convicted of assault in the second degree, for which he was sentenced as a second felony offender to five years in prison with five years of postrelease supervision, and endangering the welfare of a child, for which he received a concurrent sentence of one year. The charges stemmed from an incident wherein defendant broke the leg of his then nine-year-old son.
On this appeal, defendant argues, pro se, that he was denied the effective assistance of trial counsel. Our review of the record indicates that counsel offered a reasonable theory of defense which he consistently pursued throughout the trial; thoroughly cross-examined the People’s witnesses, including the victim; presented expert medical testimony and other favorable defense witnesses; and effectively pointed out inconsistencies in the testimony during his closing argument (see People v Ramos, 48 AD3d 984, 987 [2008]; People v Jackson, 48 AD3d 891, 893-894 [2008]). Under these circumstances, we find that defendant’s trial counsel provided meaningful representation. Defendant’s further contention that his appellate counsel’s failure to raise this argument in his brief constitutes ineffective assistance of appellate counsel should be addressed to this Court in a common-law coram nobis proceeding (see People v Bachert, 69 NY2d 593, 595-596 [1987]; People v Keebler, 15 AD3d 724, 728 [2005], lv denied 4 NY3d 854 [2005]).
Finally, defendant’s argument that his sentence was unduly harsh is unpersuasive in light of the nature of this incident, his extensive criminal history and the lack of any extraordinary circumstances warranting a reduction thereof (see People v Moore, 29 AD3d 1077, 1079 [2006]; People v Wormuth, 3 AD3d 596, 597 [2004]).
Mercure, Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.