■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. SCANLON, Appellant. [861 NYS2d 426]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 27, 2006, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, attempted rape in the first degree, sexual abuse in the third degree (three counts), attempted rape in the third degree, endangering the welfare of a child and perjury in the first degree.

On October 5, 2005, the 15-year-old victim herein informed her school counselor and, later, child protective investigators that she had been sexually assaulted by defendant, her mother's live-in boyfriend, on several occasions between September 17, 2005 and October 3, 2005. Defendant, born in 1974, was arrested and testified before a grand jury, which subsequently issued a multicount indictment charging him with various degrees of attempted rape, sexual abuse and endangering the welfare of a child. In July 2006, the People resubmitted defendant's case to a second grand jury, which returned a 17-count superseding indictment. That indictment echoed the majority of the original counts but also contained additional charges, including two counts of perjury in the first degree relating to defendant's testimony before the first grand jury.

Thereafter, a jury found defendant guilty of three counts of sexual abuse in the third degree, one count of sexual abuse in the first degree, one count of attempted rape in the first degree, one count of attempted rape in the third degree, one count of endangering the welfare of a child and one count of perjury in the first degree. Defendant's CPL 330.30 motion seeking to set aside the verdict was denied. Subsequently, defendant was sentenced to two concurrent prison terms of six years for the first degree sexual abuse and attempted rape convictions, as well as three years of postrelease supervision, a concurrent prison term of $2^{1}/_{3}$ to 7 years for the perjury in the first degree conviction, two concurrent terms of one year for the attempted

rape in the third degree and endangering the welfare of a child convictions and three consecutive terms of 90 days for the sexual abuse in the third degree convictions, which were to be served concurrently with the one-year terms.

Initially, we are unpersuaded by defendant's challenges to County Court's denial of his pretrial motion to dismiss the superseding indictment. Notably, defendant maintains that the indictment was defective because the statements made by the victim at the second grand jury presentation were allegedly inconsistent with her testimony before the first grand jury. County Court opined that any inconsistencies were not substantial and, importantly, case law indicates that credibility issues such as those argued herein "should more appropriately be reserved for presentation to the petit jury" (*People v Suarez*, 122 AD2d 861, 862 [1986], *lv denied* 68 NY2d 817 [1986]; *see People v Jennings*, 69 NY2d 103, 115 [1986]). In any event, inasmuch as the minutes of the victim's testimony from either grand jury appearance do not appear in the record, this Court is precluded from any meaningful review of this particular contention (*see People v Fehr*, 45 AD3d 920, 923 [2007], *lv denied* 10 NY3d 764 [2008]; *People v Alexander*, 37 AD3d 908, 909 [2007], *lv denied* 9 NY3d 839 [2007]).

With respect to defendant's further argument on his pretrial motion, we do not agree that County Court should have dismissed as time-barred the count in the superseding indictment that charged endangering the welfare of a child for a continuous period of time until the summer of 2005. While it is true that a charge of endangering the welfare of a child (*see* Penal Law § 260.10) must be commenced within two years from the commission of the act (*see* CPL 30.10 [2] [c]), such a crime can nonetheless constitute a "continuing offense" (*People v Keindl*, 68 NY2d 410, 421 [1986]) so that the statute of limitations does not begin to run "until after the last act of abuse had occurred" (*People v DeLong*, 206 AD2d 914, 916 [1994]). Here, relying upon the language of the indictment concerning this particular charge, which indicated that the last incident occurred during the summer of 2005, County Court properly denied defendant's motion to dismiss.

Next, we consider defendant's various contentions that County Court improperly denied his postverdict motion to set aside the verdict pursuant to CPL 330.30. According to defendant, the evidence with respect to the convictions for sexual abuse in the first degree and attempted rape in the first degree was deficient in that the People failed to produce legally sufficient proof of the element of forcible compulsion to sustain

those counts. In reviewing the legal sufficiency of a verdict, this Court "must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury . . . and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]). Here, both challenged counts required the accused to complete the crime through forcible compulsion—i.e., "use of physical force" or a threat of force (Penal Law § 130.00 [8]; *see* Penal Law § 130.35 [1]; § 130.65 [1]). " '[T]he element of forcible compulsion is examined through the state of mind produced in the victim, and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim' " (*People v Val*, 38 AD3d 928, 929 [2007], *lv denied* 9 NY3d 852 [2007], quoting *People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]).

Here, the victim, who was 15 years old at the time of the alleged crimes, testified that on September 30, 2005, defendant took her out of school so she could accompany him on an errand and, en route, he tried to place his hands down her pants. She stated that when she verbally refused his advances, he threatened to pull the van over. The victim further testified that she was afraid and, when they stopped at a park, defendant proceeded with more sexual touching. He sat behind her on a picnic table and, despite her pleas for him to stop, he put his hands down her pants and inserted his fingers in her vagina. The victim also testified that, on October 3, 2005, defendant followed her into the bathroom, grabbed her arm, pulled the side of her pants down with the other hand, and attempted to insert his penis into her vagina. The victim further indicated that she tried to push him away but he pulled her back and she only got away after her continued resistance broke his grasp.

Viewing the evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]), we find that the People presented sufficient evidence so that "a rational juror could have concluded that the element[ ] of [forcible compulsion was] established beyond a reasonable doubt" (*People v Val*, 38 AD3d at 929). Notably, for a sex offense to be predicated on forcible compulsion "neither physical injury nor screaming or crying out is required" (*People v Alford*, 287 AD2d 884, 886 [2001], *lv denied* 97 NY2d 750 [2002]). Given the proof of, among other things, the victim's age, her testimony as to intimidation by defendant and her fear of him, we find no basis for reversal (*see People v Brown*, 39 AD3d 886, 888 [2007], *lv denied* 9 NY3d 873 [2007]).

Furthermore, we are similarly unpersuaded that the jury's verdict is against the weight of the evidence. While the victim's testimony had minor inconsistencies, any real inconsistency was collateral to the main issues and, thus, did not render the testimony " 'so unworthy of belief as to be incredible as a matter of law' " (*People v Wright*, 214 AD2d 759, 762 [1995], *lv denied* 86 NY2d 805 [1995], quoting *People v Carthrens*, 171 AD2d 387, 392 [1991]; *see People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]). Moreover, the testimony of other witnesses at trial clarified and reconciled certain of those inconsistencies and provided further support for the jury's verdict.

We next find no error in County Court's summary dismissal of defendant's request to set aside the verdict on the basis of juror misconduct pursuant to CPL 330.30 (2). Although two dismissed alternate jurors claimed to have seen a person signaling to the victim during her testimony, this precise issue was addressed by the court and counsel on the record at the time of trial; therefore, defendant admittedly had knowledge of the matter prior to the verdict (*see People v Walsh*, 222 AD2d 735, 736 [1995], *lv denied* 88 NY2d 855 [1996]). In any event, defendant failed to offer any nonconclusory "allegations that the incident in question constituted an 'improper influence' on the jury verdict" (*People v McMillan*, 197 AD2d 476, 477 [1993], *lv denied* 82 NY2d 927 [1994] [citation omitted]).

As for defendant's claim that his CPL 330.30 motion should have been granted on the basis of an allegedly repugnant verdict, we note that this issue is unpreserved for appellate review inasmuch as defendant failed to raise it prior to the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v St. Paul*, 3 AD3d 604, 605 [2004], *lvs denied* 2 NY3d 761, 764, 765 [2004], *lv denied* 5 NY3d 766 [2005]). Nonetheless, the result would be no different if we were to consider this issue in the interest of justice. The jury did not reach an inherently self-contradictory verdict when it convicted defendant of two counts requiring the element of forcible compulsion, yet found defendant not guilty of one of the counts of endangering the welfare of a child accusing him of a course of conduct such as, among other things, throwing an apple at the victim, slamming doors in her presence and yelling at her. We agree with County Court's conclusion that it was permissible for the jury to consider that proof in the context of finding an implied threat for purposes of the element of forcible compulsion even if the conduct, standing alone, did not rise to the level of endangering the welfare of a child.

Defendant additionally asserts that he was denied the effective assistance of counsel. However, our review of the record establishes that defense counsel, among other things, made proper pretrial and posttrial motions, secured the dismissal of one count in the indictment prior to jury deliberations, convinced the jury to acquit defendant on nine counts of a 17-count indictment, raised appropriate objections, vigorously cross-examined the victim, and achieved a ruling favorable to defendant regarding the grand jury minutes that were read to the jury with respect to the perjury counts (*see People v Houghtaling*, 14 AD3d 879, 883 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Rust*, 233 AD2d 778, 780 [1996], *lv denied* 89 NY2d 988 [1997]). Taken as a whole, we conclude that defendant received "meaningful representation" (*People v Jackson*, 48 AD3d 891, 894 [2008], *lv denied* 10 NY3d 841 [2008]).

Finally, upon review of defendant's challenges to the sentence imposed, we find them lacking in merit. Given defendant's conduct towards this child and his willingness to perjure himself before the grand jury, County Court did not abuse its discretion in imposing the sentence and there are no extraordinary circumstances warranting a reduction in the interest of justice (*see People v Adams*, 51 AD3d 1136 [2008]; *People v Hammond*, 45 AD3d 1060, 1061 [2007]).

The remaining arguments advanced by defendant, including his challenges to County Court's *Sandoval* and Rape Shield Law (*see* CPL 60.42) rulings, have been examined and found to be unpersuasive.

Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.