(June 11, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH CONKLIN, Appellant. [881 NYS2d 524]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 12, 2007 in Albany County, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

Defendant, who was then 23 years old, allegedly had sexual intercourse with a 16 year old who was at his home to babysit his infant. He was charged in a four-count indictment, and eventually convicted by a jury of two of the charged counts, one count of rape in the third degree and one count of endangering the welfare of a child. Supreme Court sentenced him to 1 to 3 years in prison on the rape conviction and a concurrent one-year term for endangering the welfare of a child. Defendant appeals.

Defendant argues that the verdict was against the weight of the evidence. Our weight of the evidence review entails, first,

determining whether a different finding would have been reasonable and, if so, we then "like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). Defendant's testimony at trial denying that the incident occurred supplies ample reason to conclude that a different verdict would not have been unreasonable. However, our independent weighing of the evidence does not convince us that the verdict should be set aside. The inconsistencies in the victim's testimony do not undermine the verdict (*see People v Scanlon*, 52 AD3d 1035, 1039 [2008], *lv denied* 11 NY3d 741 [2008]). Significantly, a rape kit examination conducted the day after the victim contended the sexual activity had occurred resulted in the recovery of sperm that contained DNA matching defendant's DNA. We find no reason to disregard the jury's refusal to accept defendant's efforts to discredit the expert evidence regarding DNA (*see People v Hardy*, 57 AD3d 1100, 1102 [2008]; *People v Vega*, 225 AD2d 890, 893 [1996], *lv denied* 88 NY2d 943 [1996]).

Next, we find no merit in defendant's contention that his statements to police (and one statement overheard by police) should have been suppressed. The statements made during conversations with police occurred when defendant was not in custody and he had not unequivocally invoked his right to counsel (*see People v Odell*, 26 AD3d 527, 528 [2006], *lv denied* 7 NY3d 760 [2006]). Defendant's other statement was overheard by police in open court at arraignment, with counsel present, and was a brief—but unnecessary—elaboration in response to a yes-or-no question from the Town Justice. No viable legal ground has been advanced by defendant for suppressing this statement.

Defendant's argument that he did not receive the effective assistance of counsel is without merit. In addition to getting one charge dismissed and an acquittal on another, counsel also made appropriate motions, engaged in thorough cross-examination of the People's witnesses and presented a coherent theory in defense of the charges. The record reveals that meaningful representation was afforded to defendant (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Scanlon*, 52 AD3d at 1040).

The sentence imposed, which was less than the maximum, was well within Supreme Court's discretion, and we discern neither an abuse of discretion nor extraordinary circumstances

meriting a reduction thereof (*see People v Meiner*, 20 AD3d 778, 778-779 [2005]).

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.