■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL F. WAGNER, Appellant. [899 NYS2d 392]—

McCarthy, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 31, 2008, upon a verdict convicting defendant of the crimes of endangering the welfare of a child (two counts), unlawfully dealing with a child (two counts) and forcible touching.

Defendant was charged by a nine-count indictment with numerous crimes in connection with allegations that he provided alcohol to three minor females and engaged in sexual contact with them. At the conclusion of trial, the jury acquitted defendant of sexual abuse in the first degree, criminal sexual act in the first degree and rape in the third degree, but convicted

him of endangering the welfare of a child (two counts), unlawfully dealing with a child (two counts) and forcible touching.* Defendant appeals.

The convictions were supported by the weight of the evidence. Three females testified that defendant regularly supplied them with alcohol while two were 16 and one was 17 years old. Each victim testified that defendant touched or grabbed her breasts and they witnessed him doing the same thing to the others' breasts. One of defendant's own witnesses, a classmate of the victims, testified that she saw him grab the breasts of the other minor females and he had grabbed her breasts as well. The jury could infer from his actions that defendant's intention in grabbing the victims' breasts was either for his sexual gratification or for the purpose of degrading or humiliating the victims (see Penal Law § 130.52; People v Fuller, 50 AD3d 1171, 1175 [2008], lv denied 11 NY3d 788 [2008]). Defendant basically argues that inconsistencies in the victims' testimony makes them unworthy of belief, but the inconsistencies were on minor details unrelated to the elements of the charges and none negated a finding of guilt (see People v Conklin, 63 AD3d 1276, 1277 [2009], lv denied 13 NY3d 859 [2009]; People v Scanlon, 52 AD3d 1035, 1039 [2008], lv denied 11 NY3d 741 [2008]; see also People v Cecunjanin, 67 AD3d 1072, 1076 [2009]). Although the jury did not find that defendant had intercourse or oral sex with one victim, or that he touched another victim's vagina, the jury could accept some of the victims' testimony while rejecting other portions of it (see People v Kuykendall, 43 AD3d 493, 495-496 [2007], lv denied 9 NY3d 1007 [2007]). The counts on endangering the welfare of a child and unlawfully dealing with a child were not duplicitous, as the endangering charges included allegations and proof concerning inappropriate sexual touching as well as supplying the minor victims with alcohol. Considering all of the proof, the verdict was not against the weight of the evidence.

The prosecutor did not violate County Court's pretrial ruling by questioning a witness concerning defendant's prior bad acts in Massachusetts. The pretrial ruling prohibited the People from discussing any details of defendant's 1999 Massachusetts conviction. The People did not mention that conviction. Rather, the prosecutor merely asked follow-up questions of one of the victims who testified that defendant provided her with alcohol and removed her clothing while they were on a trip to Mas-

---

* At the end of the People's proof, County Court granted defendant's motion to dismiss one count of endangering the welfare of a child based on the age of the minor.

sachusetts in approximately 2007. This questioning in no way implicated the pretrial ruling. Additionally, as the 2007 Massachusetts trip was first mentioned in response to defense counsel's questioning, defendant opened the door to further questions to explore the details of that situation (*see People v Melendez*, 55 NY2d 445, 451 [1982]).

The prosecutor did not engage in misconduct during summation. Aside from one inappropriate reference to a witness's grand jury testimony, which was cured by defense counsel's objection and County Court's admonition that the jury disregard that statement, the prosecutor's statements on summation constituted fair comment on the evidence or reasonable responses to defense counsel's summation (*see People v Cherry*, 46 AD3d 1234, 1237-1238 [2007], *lv denied* 10 NY3d 839 [2008]; *People v Grady*, 40 AD3d 1368, 1374-1375 [2007], *lv denied* 9 NY3d 923 [2007]).

Defendant received the effective assistance of counsel. Counsel successfully moved to dismiss one count and presented a coherent defense that resulted in an acquittal of all three felony counts (*see People v Conklin*, 63 AD3d at 1277). Defendant's allegations of ineffectiveness that relate to matters outside the record cannot be reviewed on appeal and are more appropriately raised in a motion pursuant to CPL article 440.

Similarly, defendant's allegations concerning exculpatory information on his laptop computer, which he received back from the police after he was released from prison, are based on non-record information and should be raised in a motion pursuant to CPL article 440. We reject defendant's argument that he is entitled to a reversal based on the People's failure to turn over information from cell phones that belonged to defendant and one victim. The police were in possession of the phones—which contained text messages between defendant and one victim—and should have disclosed these materials. County Court appropriately dealt with this problem by granting an adjournment during trial. None of the messages reviewed during that adjournment were exculpatory, and some were inculpatory. Defense counsel complained that some messages were erased and an expert may have been able to retrieve them, but the court reasonably refused to grant a further adjournment because counsel had not contacted an expert to see if retrieval of deleted text messages was even possible. Although the prosecution should have known that the phones were in the police department's possession and made efforts to review the messages for exculpatory information, defendant was not prejudiced by the People's actions in that regard (*see People v Gragnano*,

63 AD3d 1437, 1443-1444 [2009]; *see also People v Burroughs*, 64 AD3d 894, 898 [2009], *lv denied* 13 NY3d 794 [2009]).

Lastly, based upon his conviction of forcible touching, defendant is required to register as a sex offender and County Court was required to impose sex offender surcharges and fees (*see* Penal Law § 60.35 [1] [a] [iv]; § 130.52; Correction Law § 168-a [2] [b]; § 168-f).

Peters, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.