■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO RASTALDO, Appellant. [17 NYS3d 409]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 20, 2012, convicting defendant, after a nonjury trial, of burglary in the second and third degrees and two counts of petit larceny, and sentencing him to an aggregate term of 3½ years, unanimously modified, on the law, to the extent of vacating the third-degree burglary conviction and dismissing that count of the indictment, and otherwise affirmed.

The court properly denied defendant's motion to suppress statements made to the police prior to the administration of *Miranda* warnings. The record supports the court's finding that these statements were spontaneous, volunteered utterances that were not the product of police interrogation or its functional equivalent (*see People v Ealey*, 272 AD2d 269 [1st Dept 2000], *lv denied* 95 NY2d 865 [2000]). In any event, the record also establishes that defendant's post-*Miranda* statements were attenuated from the statements at issue.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established the "dwelling" element of second-degree burglary (Penal Law § 140.25 [2]; *see People v Joseph*, 124 AD3d 437 [1st Dept 2015], *lv granted* 2015 NY Slip Op 70750[U] [2015]).

As the People concede, the third-degree burglary count

should be dismissed as a lesser included offense of second-degree burglary conviction. Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.