■ In the Matter of TRAEKWON I., a Person Alleged to be a Juvenile Delinquent, Appellant. [59 NYS3d 19]—

Orders of disposition, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about April 22, 2016, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts that, if committed by an adult, would constitute the crimes of forcible touching, criminal possession of a weapon in the fourth degree, menacing in the second degree and sexual abuse in the third degree, and also adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of petit larceny, and placed him on probation for concurrent periods of 12 months in each case, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about December 8, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations. Menacing in the second degree and criminal possession of a weapon in the fourth degree were established by the victim's testimony that she saw appellant display a razor blade, and that she felt it as he pressed it against her neck. Regarding sexual abuse in the third degree, the element of sexual contact

for the purpose of sexual gratification could be inferred from appellant's conduct in squeezing the victim's breasts and buttocks, and there was no innocent explanation for that conduct (*see Matter of Xheenan N.*, 273 AD2d 50 [1st Dept 2000]). Regarding forcible touching, it could be inferred that appellant had a motive to abuse or degrade the victim, and there was no legitimate purpose for his acts.

Appellant's constitutional challenges to the forcible touching statute are unpreserved. In any case, he has not met the "heavy burden" of demonstrating that it is unconstitutional (*People v Bright*, 71 NY2d 376, 382 [1988]; *see also People v Stuart*, 100 NY2d 412, 420-422 [2003]).

Appellant's speedy trial claim is unpreserved because no motion was made to dismiss the petition on that ground, and we decline to review it in the interest of justice. In any event, the adjournments at issue were consented to by counsel, who agreed that the first day of the fact-finding hearing would be day 60 for speedy trial purposes (*see* Family Ct Act §§ 315.2 [1]; 340.1 [2]; *Matter of Diogenes V.*, 245 AD2d 42, 43 [1st Dept 1997]).

In each of the two dispositional orders, the court providently exercised its discretion in adjudicating appellant a juvenile delinquent, rather than granting adjournments in contemplation of dismissal. The court imposed the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]), given the seriousness of the underlying behavior, where one case involved wielding a razor blade and sexual conduct, and the other case involved breaking into someone's home. To the extent that, in addition to challenging the juvenile delinquency adjudication, appellant is also challenging the imposition of probation and the conditions thereof, those challenges have become moot with the expiration of the term of probation.

We have considered appellant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.