People v Rondon (2020 NY Slip Op 51183(U))

[*1]

People v Rondon (Carlos)

2020 NY Slip Op 51183(U) [69 Misc 3d 131(A)]

Decided on October 9, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570199/16

 The People of the State of New York,
Respondent,
against
Carlos Rondon, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered March 21, 2016, convicting him, after a nonjury
trial, of attempted forcible touching and sexual abuse in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered March 21, 2016, affirmed.
Defendant's legal sufficiency claim is unpreserved (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484,
492 [2008]), and we decline to review it in the interest of justice. As alternative holding, we
reject it on the merits. We also find that the verdict was not against the weight of the evidence
(see People v Danielson, 9 NY3d
342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations,
in which it credited the testimony of the victim and two plainclothes police officers who
witnessed the incident. Regarding the charge of sexual abuse in the third degree (see
Penal Law § 130.55), the element of sexual contact for the purpose of sexual gratification
could be inferred from defendant's conduct in following the victim onto a subway train,
positioning himself directly behind her, repeatedly pressing and rubbing his erect penis against
her buttocks and, when the victim attempted to move away, repositioning himself so that he
could continue the described contact while pinning her in place (see People v Wagner, 72 AD3d
1196, 1197 [2010], lv denied 15 NY3d 779 [2010]; People v Kader, 62 Misc 3d
143[A], 2019 NY Slip Op 50110[U][App Term, 1st Dept 2019], lv denied 33 NY3d
950 [2019]). Regarding the attempted forcible touching charge (see Penal Law
§§ 110.00, 130.52), it could be inferred from the evidence that defendant intended to
abuse or degrade the victim by his conduct, and that there was no legitimate purpose for his acts
(see Matter of Traekwon I.,
152 AD3d 431, 432 [2017]; see also
People v Hatton, 26 NY3d 364, 370-371 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concur I concur I concur
Decision Date: October 9, 2020