People v Francis (2023 NY Slip Op 51284(U))

[*1]

People v Francis (Stephen)

2023 NY Slip Op 51284(U)

Decided on November 27, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 27, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570613/18

The People of the State of New York, Respondent,
against
Stephen Francis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J.), rendered May 14, 2018, convicting him, after a jury trial, of forcible touching and sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered May 14, 2018, affirmed.
The information charging forcible touching (see Penal Law § 130.52[2]) and third-degree sexual abuse (see Penal Law § 130.55) was jurisdictionally valid because the factual allegations established every element of the offenses and defendant's commission thereof (see People v Inserra, 4 NY3d 30 [2004]). Allegations that at 8:00 a.m., on a number 6 subway train at Lexington Avenue and East 59th Street, defendant "repeatedly placed his hand" on the "buttocks" of the 16 year old complainant, over her clothing, and without her consent, were sufficient to provide reasonable cause to believe that defendant subjected another person to "sexual contact," a term defined as "any touching" of the sexual or intimate parts of a person (Penal Law § 130.00[3]). Defendant's purpose of gratifying his sexual desire (see Penal Law § 130.00[3]) and intent to degrade or abuse the victim (see Penal Law § 130.52[2])) is reasonably inferred from his conduct and the surrounding circumstances, including the intimate nature of the act done without complainant's consent on a rush-hour passenger train, and the humiliation evoked by such conduct (see People v Hatton, 26 NY3d 364, 370-371 [2015]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's credibility determinations, in which it credited the testimony of the victim and the plainclothes police officer who witnessed the incident, and rejected defendant's version of events. The evidence that defendant positioned himself close to the victim, repeatedly touched and/or cupped her buttocks with his hand until she looked back and moved away, then followed her and touched her again in the same manner, was sufficient to establish the intent and purpose elements of the crimes (see People v Wagner, [*2]72 AD3d 1196, 1197 [2010], lv denied 15 NY3d 779 [2010]; Matter of Traekwon I., 152 AD3d 431, 431-432 [2017]).
Contrary to defendant's contention that he was denied his due process right to a fair trial and to present a defense, the prosecutor's late disclosure that the victim initially denied to the police that she had been touched did not prejudice the defendant, because he was able to use such disclosure to cross examine both the officer and the victim (see People v Cortijo, 70 NY2d 868, 870 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 27, 2023