People v Jones (2024 NY Slip Op 50442(U))

[*1]

People v Jones (Barron)

2024 NY Slip Op 50442(U)

Decided on April 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570471/19

The People of the State of New York, Respondent,
against
Barron Jones, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered April 1, 2019, after a jury trial, convicting him of forcible touching and sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered April 1, 2019, affirmed.
The prosecutor's information was jurisdictionally valid because the information it superseded contained factual allegations establishing every element of the forcible touching (see Penal Law § 130.52[1]) and third-degree sexual abuse (see Penal Law § 130.55) offenses charged, and the defendant's commission thereof (see People v Inserra, 4 NY3d 30, 32 [2004]). The information recites that at a specified public location, on July 16, 2018, at about 9:30 a.m., defendant "place[d] his hand on [complainant's] buttocks over her clothing and squeeze[d] . . . [and that complainant] did not consent to the defendant touching her." Defendant's purpose of gratifying his sexual desire (see Penal Law § 130.00[3]) and intent to degrade or abuse the victim (see Penal Law § 130.52[2]) is reasonably inferred from his conduct and the surrounding circumstances, including the intimate nature of the act done without complainant's consent in a public location, and the humiliation evoked by such conduct (see People v Hatton, 26 NY3d 364, 370-371 [2015]; Matter of Traekwon I., 152 AD3d 431 [2017]; Matter of Xheenan N., 273 AD2d 50 [2000]).
Defendant's motion to suppress a statement was properly denied. Although defendant was in custody and had not yet received Miranda warnings, the record supports the hearing court's finding that his statement, "I might have bumped" the victim, was spontaneous and not the product of custodial interrogation (see People v Rivers, 56 NY2d 476 [1982]; People v Rastaldo, 132 AD3d 455 [2015], lvs denied 26 NY3d 1111, 1149 [2017]). In any event, defendant's [*2]statement to a different officer at the precinct, approximately two hours later and after receiving Miranda warnings, was sufficiently attenuated from the earlier statement (see People v White, 10 NY3d 286, 291 [2008], cert denied 555 US 897 [2008]; People v Paulman, 5 NY3d 122, 130-131 [2005]) and any error in receiving the pre-Miranda statement was harmless because it was merely cumulative to the unchallenged post-Miranda statement (see People v Sanders, 56 NY2d 51, 66-67 [1982]; People v Ziegler, 78 AD3d 545, 546 [2010], lv denied 16 NY3d 838 [2011]).
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations. The victim testified that someone grabbed her buttocks from behind as she was waiting for a train, and that when she turned around defendant was the only person in the immediate vicinity; and the arresting officer, who immediately responded to the scene following the incident, testified that defendant's erect penis was visible through his pants. The jury could rationally infer from defendant's actions that the contact was neither accidental nor inadvertent, and that his intention was either for his sexual gratification or for the purpose of degrading or humiliating the victim (see People v Wagner, 72 AD3d 1196, 1197 [2010], lv denied 15 NY3d 779 [2010]; see also People v Hatton, 26 NY3d 364; People v Guaman, 22 NY3d 678 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2024