People v Shealy
2026 NY Slip Op 50805(U)
May 22, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Sexual Abuse--Sexual Gratification--Sufficiency of Accusatory Instrument

The People of the State of New York, Respondent,
v
Taquan Shealy, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 22, 2026
2022-174 K CR
Present: : Wavny Toussaint, P.J., Chereé A. Buggs, Joanne D. Quiñones, JJ

New York City Legal Aid Society (Frank Xiao of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Julian Joiris and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Jessica Earle-Gargan, J.), rendered December 9, 2021. The judgment convicted defendant, upon a plea of guilty, of sexual abuse in the third degree, and imposed sentence.
[*1]
ORDERED that the judgment of conviction is affirmed.
On December 9, 2021, in satisfaction of an accusatory instrument charging him with forcible touching (Penal Law § 130.52 [1]), sexual abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal Law § 240.26 [1]), defendant pleaded guilty to sexual abuse in the third degree and was sentenced. On appeal, defendant argues that the count of the accusatory instrument charging sexual abuse in the third degree is facially insufficient because the instrument does not adequately allege that defendant acted for the purpose of gratifying his or the complainant's sexual desire.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Smalls, 26 NY3d 1064, 1066 [2015] [internal quotation marks omitted]; see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Case, 42 NY2d 98, 99 [1977]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Since defendant did not waive prosecution by information, the sufficiency of the accusatory instrument must be evaluated under the standards that apply to an information (see CPL 100.15, 100.40 [1] [a]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature that establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Hatton, 26 NY3d 364, 369 [2015]; People v Henderson, 92 NY2d 677, 679 [*2][1999]). As defendant pleaded guilty, the nonhearsay requirement was forfeited (see People v Keizer, 100 NY2d 114, 122 [2003]). " 'So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' " (People v Andujar, 30 NY3d 160, 168 [2017], quoting People v Casey, 95 NY2d 354, 360 [2000]; see People v Sedlock, 8 NY3d 535, 538 [2007]). Where, as here, a defendant pleads guilty to one or more of the counts actually charged in a multi-count accusatory instrument, and, on appeal, raises a jurisdictional challenge, he or she need not challenge the facial sufficiency of all the counts contained in the accusatory instrument at the time the defendant entered the guilty plea; rather, he or she need only challenge the facial sufficiency of the actual count or counts to which he or she pleaded guilty (see People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also People v Dumay, 23 NY3d 518 [2014]).
"A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent" (Penal Law § 130.55). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). The buttocks are "a part of [the] body commonly accepted within society as sexual or intimate in nature" (People v Hatton, 26 NY3d at 369; see People v Guaman, 22 NY3d 678, 684 [2014]). "[S]exual gratification is a subjective determination which may be inferred from the nature of the acts committed and the circumstances under which they occurred" (People v Rodriguez, 1 Misc 3d 8, 9 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; see People v Hatton, 26 NY3d at 370; People v Bracey, 41 NY2d 296, 301 [1977]; Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941 [2024]; People v Wiley, 119 AD3d 821, 822 [2014]). Here, the sexual gratification element was satisfied by allegations that defendant "did grab the [complainant's] buttocks over the [complainant's] clothing two times" (see People v Jones, 82 Misc 3d 131[A], 2024 NY Slip Op 50442[U] [App Term, 1st Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Colon, 57 Misc 3d 135[A], 2017 NY Slip Op 51266[U] [App Term, 1st Dept 2017]).
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 22, 2026