■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK MUNCEY, Appellant. [625 NYS2d 40] —Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered May 11, 1992, convicting defendant, upon his plea of guilty, of attempted burglary in the third degree, and sentencing him,

as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's motion at sentencing to withdraw his guilty plea was properly denied without a hearing into the voluntariness of the plea. Since the plea proceeding, at which defendant acknowledged that he committed the crime and was pleading guilty voluntarily, preceded the uncounselled interview with the prosecutor, at which defendant claimed his cooperation was sought in connection with an unrelated investigation in exchange for a plea recommendation of 1½ to 3 years instead of the 2 to 4 years already agreed to at the plea proceeding, the plea could not have been coerced by the interview. When the sentencing court stated that it intended to hold a hearing, its concern was not with the voluntariness of the plea but with the People's post-plea contact with the defendant in the absence of his attorney. The court, with the prosecutor's consent, reduced the promised sentence to 1½ to 3 years without a hearing. Nor was a hearing required on the basis of defendant's assertion of innocence at sentencing, which lacked factual detail, had at best only a tenuous relationship to the question of voluntariness, and was undermined by his clear factual allocution at the plea proceeding.

This is not a case where the plea allocution itself contained sufficient inconsistencies to warrant a further inquiry into the voluntariness of the plea (see, People v Lopez, 71 NY2d 662, 666), nor is there any credible indication that defendant misapprehended the nature of the charges or the consequences of the plea (cf., People v Beasley, 25 NY2d 483). Accordingly, there is no basis either to vacate the plea or order a hearing. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Nardelli, JJ.