This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 157
The People &c.,
            Appellant,
        v.
Frankie Hatton,
            Respondent.

Leonard Joblove, for appellant.
Arthur H. Hopkirk, for respondent.

RIVERA, J.:

The People appeal from an order of the Appellate Term

reversing defendant Frankie Hatton's conviction of one count of

forcible touching, and dismissing the accusatory instrument as

- 1 -

jurisdictionally defective.  We conclude the instrument sets forth sufficient factual allegations to establish the elements of the offense, and therefore reverse the order of the Appellate Term and reinstate defendant's conviction.

Defendant was originally arraigned on three accusatory instruments, each charging him with two counts of forcible touching (Penal Law § 130.52), sexual abuse in the third degree (Penal Law § 130.55) and harassment in the second degree (Penal Law § 240.26 [1]).  The separate instruments contained almost identical factual allegations that defendant smacked the buttocks of two different women, for a total of six complainants, over the course of three weeks.  The instruments differed only in the date, time and location of the incidents and the respective complainant's name.  The People subsequently filed supporting depositions, and, upon motion, Criminal Court consolidated the three accusatory instruments.

Defendant thereafter pled guilty to one count of forcible touching, based upon an incident described by the accusatory instrument's factual allegations as follows,

> "The deponent [police detective] is informed
> by [the complainant] that, [on June 30, 2009
> at about 10:40 pm at the corner of Albany
> Avenue and Montgomery Street, County of
> Kings, State of New York], a male approached
> the [complainant] and smacked [her] about the
> buttocks.
>
> The deponent is further informed by the
> [complainant] that the above described
> actions caused [the complainant] to become
> alarmed and annoyed.

>The deponent is further informed by [an] eyewitness . . . that at the . . . above time and place, the [eyewitness] observed the defendant approach the [complainant] and the defendant smacked the buttocks of [the complainant].

>The deponent is further informed by defendant's own statement that the defendant smacked the buttocks of [the complainant]."

Criminal Court sentenced defendant to a one-year jail sentence, which he has since then completed.

On appeal, the Appellate Term reversed the conviction and dismissed the accusatory instrument based on factual insufficiency grounds (42 Misc 3d 141[A] [App Term, 2d, 11th, & 13th Jud Dists 2014]). A Judge of this Court granted leave to appeal (23 NY3d 1063 [2014]).

As an initial matter, we consider the People's contention that defendant impliedly waived his right to be prosecuted by information. Whether a defendant has waived a procedural right is a factual question which this Court may review only to determine if the record provides any support for the determination of a lower court (People v Brown, 90 NY2d 872, 874 [1997]; People v Ferguson, 67 NY2d 383, 389 [1986]).

The parties agree that on the day of his arraignment, defendant's counsel appeared on behalf of someone else, on a matter unrelated to defendant's case. Outside of defendant's presence, she then responded "Yes" in open court to the court officer's question, "Counsel, do you waive the reading of the

rights and charges, but not the rights thereunder for this case
and all other cases before the court?"  Several months later,
defendant pled guilty, in satisfaction of the consolidated
instruments.  The People contend that the combination of this
one-word statement by counsel and defendant's entry of a guilty
plea effectuated an implied waiver of defendant's right to
prosecution by information.

In People v Connor (63 NY2d 11 [1984]) this Court stated
that a waiver of the mandated reading of the right does not "by
itself constitute a waiver of the procedural right to be tried on
information" (id. at 14 n*; People v Fernandez, 20 NY3d 44, 55 n1
[2010]).  However, "waiver and consent may be implied if the
circumstances . . . compel the conclusion that the defendant,
competently represented by counsel, acquiesced in the prosecution
of the charge against him on the misdemeanor complaint" (Connor,
63 NY2d at 14).  In People v Weinberg (34 NY2d 429, 431 [1974]),
the Court made clear that waiver of this right must be knowing
and intelligent.

Here, defendant's counsel stated in open court that she
waived only the reading of the rights, but not "the rights
thereunder."  Therefore, under Connor, her statement cannot serve
as a waiver of defendant's procedural right to be tried on
information (Connor, 63 NY2d at 14 n*).  More to the point,
counsel's statement specifically preserved his right to
prosecution by information.  Regardless, unlike the defendant in

Connor, nothing in the record indicates that in the wake of counsel's statement defendant acted affirmatively to waive his right, or that he "acquiesced in the prosecution of the charge against him on [a] misdemeanor complaint" (id. [determining that defendant had acquiesced where defense counsel waived the reading of the right and defendant then made pretrial motions and proceeded to trial]).

Additionally, several days after arraignment the People filed two superseding instruments, six supporting depositions (one from each of the complainants) and a deposition by an eyewitness to the incident defendant eventually pled guilty to. Criminal Court recorded these filings as supporting depositions and superseding informations. By all appearances, defendant was, in fact, prosecuted by information. Under these circumstances, record support exists for the Appellate Term's conclusion that defendant did not impliedly waive his right to prosecution by information.

As a consequence, we assess the sufficiency of the accusatory instrument based on the standard applicable to an information. Under that standard, the factual part of the instrument must establish reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information (CPL 100.40 [1] [b]), and must contain "'nonhearsay allegations which, if true, establish every element of the offense charged and the [defendant's] commission thereof'"

(<u>People v Dumay</u>, 23 NY3d 518, 522 [2014], citing <u>People v Kalin</u>, 12 NY3d 225 [2009]; CPL 100.40 [1] [c]).  Where the information fails to meet this requirement it is jurisdictionally defective (<u>Kalin</u>, 12 NY3d at 228-229).  As this Court stated in <u>People v Casey</u> (95 NY2d 354, 360 [2000] [internal citations omitted]), "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading."

The People claim that the accusatory instrument is facially sufficient because the factual allegations and the reasonable inferences to be drawn from them establish all the elements of the offense of forcible touching.  Under Penal Law § 130.52, "[a] person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person; or for the purpose of gratifying the actor's sexual desire" (Penal Law § 130.52 [1]).  Furthermore, Penal Law § 130.05 requires that the act be committed without the victim's consent, meaning that "the victim does not expressly or impliedly acquiesce in the actor's conduct" (Penal Law § 130.05 [2] [c]; <u>see also</u> Penal Law § 130.05 [1]).

Here, the factual allegations easily satisfy the facial sufficiency standard for the actus reus elements of the offense.

As this Court held in People v Guaman (22 NY3d 678, 684 [2014]), "when done with the relevant mens rea, any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts qualifies as a forcible touch within the meaning of Penal Law § 130.52." Thus, the information's assertion that defendant "smacked the buttocks" of the complainant, more than adequately alleges that defendant applied the statutorily required pressure to effectuate contact with a part of complainant's body commonly accepted within society as sexual or intimate in nature (see id. at 684; People v Darryl M., 123 Misc 2d 723, 735 [Crim Ct, New York County 1984] ["the buttocks is an intimate part of the body within the meaning of Penal Law Sec. 130.00(3)"]).

The factual allegations also sufficiently establish the complainant's lack of consent within the meaning of Penal Law § 130.05 (2) (c). The instrument asserts that defendant approached the complainant and smacked her buttocks on a public street intersection, late at night, which caused her "to become alarmed and annoyed." The reasonable inferences to be drawn from these allegations are that defendant initiated the conduct and took the complainant by surprise. Also, the allegation that defendant's actions "alarmed and annoyed" the complainant further supports the inference that she did not acquiesce to defendant's actions. Thus, the instrument sufficiently alleges the lack of consent element.

Whether the instrument contains sufficient factual allegations of the purpose elements is a more difficult question. As a general matter, "intent is rarely proved by an explicit expression of culpability by the perpetrator" (People v Bueno, 18 NY3d 160, 169 [2011]). In recognition of the inherent challenges to demonstrating an actor's mental state, this Court has accepted that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (People v Steinberg, 79 NY2d 673, 682 [1992]). Accordingly, in the context of assessing the sufficiency of an accusatory instrument, we have made clear that "intent may be inferred 'from the act itself (People v Bracey, 41 NY2d 296, 301 [1977])'" (Dumay, 23 NY3d at 525).

Giving "a fair and not overly restrictive or technical reading" to the instrument (Casey, 95 NY2d at 360), and considering the acts and circumstances described therein (Dumay, 23 NY3d at 525), we conclude that the information provides sufficient factual allegations leading to an inference that defendant forcibly touched the complainant "for no legitimate purpose" and "for the purpose of degrading" the complainant (Penal Law § 130.52).[1] Such inference about defendant's criminal

---

[1] Given that section 130.52 sets forth the purpose elements in the disjunctive, we need not determine whether the instrument is factually sufficient to establish an inference that the act was done "for the purpose of gratifying [defendant's] sexual desire" because we conclude that the instrument contains sufficient factual allegations to establish the alternative purpose that defendant's actions were done in order to "degrad[e] or abus[e]" the complainant.

purpose is appropriate based on the complainant's lack of consent and the intimate nature of the act, which is commonly considered to cross the line of propriety, absent a prior relationship or experience suggesting the complainant and defendant had a mutual understanding that such conduct was acceptable.  Furthermore, by ignoring her right to be free from unwanted intimate contact, defendant disregarded the complainant's autonomy and personhood. Defendant thus behaved in direct contravention of the complainant's right to privacy and security in her person.  That he did so on a public street, in the presence of an eyewitness, suggests that he was unconcerned by the public display of his actions, and the humiliation evoked by such conduct.  Therefore, the information sufficiently establishes the purpose elements of the crime of forcible touching.

Defendant's argument that a person may smack another on the buttocks for a legitimate purpose, such as in self-defense or in defense of another, does not persuade us that the information here is jurisdictionally deficient.  The facts as alleged in no way imply that defendant was acting defensively in response to actions by the complainant.  To the contrary, as we have explained, the information alleges that the defendant approached the complainant and it was he who alarmed her by slapping an intimate part of her body.  We thus agree with the People that the factual allegations here are inconsistent with circumstances in which smacking another person would not constitute forcible

touching.[2]

We caution that our decision in this case should not be broadly interpreted as a per se rule that the mere assertion that a defendant smacked the buttocks of another sufficiently alleges the purpose elements of the statute.  The facial sufficiency of an accusatory instrument must be assessed on a case-by-case basis, upon review of the factual assertions contained therein (see CPL 100.40 [1] [b],[c]; 100.15 [3]).  As we have said, intent is difficult to discern.  Factors such as defendant's expressive conduct, the surrounding circumstances, the location

---

[2] The dissent urges the speculative inference that at the time of the incident the complainant was a minor, and that defendant acted for the legitimate purpose of disciplining her in his role as the complainant's parent, guardian or custodian (dissenting op, at 2).  However, in assessing the sufficiency of an instrument the role of the court is not to base its decision on unfounded speculations, but to consider only those proper inferences to be drawn from the factual allegations contained in the information.  Here, where the allegations state that defendant approached the complainant late at night on a public street and smacked her buttocks, causing her to be alarmed and annoyed, it is implausible to infer that defendant was acting as a disciplinarian and in response to an unruly minor.  Not even the defendant goes so far as to suggest this inference.  To the contrary, defendant describes the information as charging him with touching a woman.

Furthermore, although our dissenting colleague acknowledges "that an information need not negate all possible defenses" (dissenting op, at 1, citing Casey, 95 NY2d at 360), the approach advocated by the dissent would require nothing less than assertions responsive to every interpretation of facts favorable to the defendant.  As this Court's prior decisions make abundantly clear, the law does not impose such an onerous burden on the People and we see no reason to change course based on the instant appeal (Casey, 95 NY2d at 360; Guaman, 22 NY3d at 681-682).

of the incident and the existence of a prior relationship or a common understanding between the parties, may support or negate an inference that defendant harbored the statutory purpose.

For the reasons we have stated, here the factual portions of the information "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]), and those factual allegations are of the kind that "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (Casey, 95 NY2d at 360 [internal citations omitted]).

Accordingly, the order of the Appellate Term should be reversed, and the judgment of Criminal Court of the City of New York reinstated.

People v Frankie Hatton

No. 157

STEIN, J.(dissenting):

To be legally sufficient, the factual part of the information must establish reasonable cause to believe that defendant committed the charged offense (see CPL 100.40 [1] [b]), and contain "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Kalin, 12 NY3d 225, 228-229 [2009] [emphasis added] [internal quotation marks and citation omitted]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Alejandro, 70 NY2d 133, 135-136 [1987]).  As relevant here, the information factually alleged that, at about 10:40 p.m. at the corner of specified streets, defendant "approached the [complainant] and smacked the [complainant] about the buttocks," which she described as causing her "to become alarmed and annoyed." Because I cannot agree with the majority's conclusion that the information contains sufficient allegations concerning the element of the offense of forcible touching that defendant committed the act "for no legitimate purpose" (Penal Law § 130.52 [1]), I dissent.

While I recognize that an information need not negate all possible defenses (see People v Casey, 95 NY2d 354, 360

- 1 -

[2000]), the lack of a legitimate purpose does not merely pertain to a defense; it is a distinct element of the crime of forcible touching that must be affirmatively established by the People. As with other elements relating to an offender's state of mind, that purpose element could be established through reasonable inferences drawn from defendant's actions and the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 682 [1992]). However, in my view, even under a "fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360), the factual allegations here are simply too sparse to create or support any inferences establishing the "no legitimate purpose" element of the charged crime.  The information is completely bereft of any facts or details about the ages of the involved parties or their relationship (or lack of relationship) to each other -- a factor that even the majority recognizes as relevant (Maj Opn at 9).  Thus, it is reasonably possible that defendant could be the parent, guardian or custodian of the complainant -- who may be a minor -- smacking her buttocks as a method of discipline, which could have annoyed and alarmed her despite defendant's arguably legitimate purpose.  Although some speculation may be required to conclude that defendant was so related to the complainant and had such a legitimate purpose, the point is that speculation is also required to reach the opposite conclusion, as the majority has apparently done -- speculation that could have been avoided simply by including sufficient

factual allegations in the information to support the charge.[1] For example, an allegation that defendant and the complainant were strangers to one another might have adequately added the necessary context.

Nor does the fact that the information charges defendant with another similar count against a different victim on a separate occasion support the element of lack of a legitimate purpose. Without any details about what occurred prior to the other incident, the relationship of defendant to that complainant, or their respective ages, we would have to engage in the same speculation as to whether defendant lacked a legitimate purpose with regard to his acts toward the other complainant, as well. Repetitions of the same or similar insufficient allegations do not render them sufficient. Likewise, we may not consider the other informations -- alleging additional, similar incidents against different complainants -- when determining the facial sufficiency of the information at issue.[2]

---

[1] Contrary to the majority's assertion, it is not this writer's intent to urge any particular inference, but merely to highlight the inadequacy of the information's factual allegations.

[2] Similarly, despite the majority's reference to facts known by defendant about the complainant (see Maj Opn at 10 n 2), in ascertaining the sufficiency of the accusatory instrument, it is not appropriate for the Court to consider facts within defendant's personal knowledge, which are not set forth in the instrument itself.

Inasmuch as the allegations in the one pertinent information fail to establish "every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]), the information did not adequately charge defendant with forcible touching, rendering it jurisdictionally defective (see People v Jackson, 18 NY3d 738, 741 [2012]).  Because the Appellate Term reached this same conclusion, I find no error in its decision to reverse defendant's conviction and dismiss the accusatory instrument and would, therefore, affirm.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and judgment of Criminal Court of the City of New York, Kings County, reinstated.  Opinion by Judge Rivera.  Chief Judge Lippman and Judges Pigott, Abdus-Salaam and Fahey concur. Judge Stein dissents and votes to affirm in an opinion.

Decided November 23, 2015