The People of the State of New York, Respondent, 
against
Igor Buchovsky, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered November 25, 2013, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence, and (2) a judgment (same court and Judge), rendered November 25, 2013, convicting him, upon a plea of guilty, of aggravated harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction under docket number 2013NY000542 (Laurie Peterson, J.), rendered November 25, 2013, affirmed. Judgment of conviction under docket number 2013NY000462 (Laurie Peterson, J.), rendered November 25, 2013, reversed, on the law, and the accusatory instrument is dismissed.
Defendant's guilty plea was knowing, intelligent and voluntary. At the plea proceeding, defendant knowingly acknowledged his desire to plead guilty; admitted the details of his crime; and acknowledged his understanding of the rights he was waiving by pleading guilty, including the right to a jury trial, the right to remain silent and the right to cross-examine witnesses against him (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Sougou, 26 NY3d 1052, 1054 [2015]). There is nothing in the record to indicate that defendant, who was represented by active and able counsel, did not understand the nature of the charge to which he was pleading guilty (see People v Muncey, 214 AD2d 432, 433 [1995], lv denied, 86 NY2d 783 [1995]).

Similarly unavailing is defendant's challenge to the facial sufficiency of the underlying accusatory instrument. Defendant knowingly waived his right to prosecution by information (see People v Dumay, 23 NY3d 518 [2014]), and the accusatory instrument described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated harassment in the second degree (see Penal Law § 240.30[2]). Giving "a fair and not overly restrictive or technical reading" to the instrument (People v Casey, 95 NY2d 354, 360 [2000]), and considering the acts and circumstances described therein (see Dumay, 23 NY3d at 525), the complaint provides sufficient factual allegations leading to an inference that defendant's [*2]communications to the victim had no legitimate purpose (see generally People v Hatton, 26 NY3d 364, 370 [2015]). 
Reversal of the judgment convicting defendant of disorderly conduct under docket number 2013NY000462 and dismissal of that charge is mandated since, as the People concede, the allegations in the accusatory instrument were jurisdictionally insufficient to meet the elements of the charged crimes.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: March 24, 2016