The People of the State of New York, Appellant, 
against
Robert I. Rubackin, Respondent.



Appeal from an order of the Justice Court of the Town of Haverstraw, Rockland County (Ronald V. De Caprio, J.), dated February 9, 2015. The order granted defendant's motion to dismiss the information.




ORDERED that the order is modified, on the law, by vacating so much thereof as granted the branch of defendant's motion seeking to dismiss the count of the information charging defendant with criminal obstruction of breathing or blood circulation and by providing that that branch of defendant's motion is denied; as so modified, the order is affirmed, and the matter is remitted to the Justice Court for all further proceedings.
Defendant was charged in an information with assault in the third degree (Penal Law § 120.00 [1]) and criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]). The factual portion of the information contained hearsay allegations to the effect that defendant "intentionally grabbed [the victim] by the right arm and dug his nails in, causing a laceration to said arm, and obstructed her breathing by placing both of his hands around her neck . . . while the defendant was physically throwing the victim out of the apartment into the hallway." The victim's supporting deposition, dated the same date as the incident in question, alleged, among other things, that defendant "dug his nails into my wrist, choked me, pushed me against the wall and grabbed my left breast. He punched me in my face two days ago." Defendant moved to dismiss the information on the ground that it is jurisdictionally defective because the factual allegations contained in the information and supporting deposition fail to establish every element of the offenses charged. The Justice Court granted the motion, and the People appeal.
As defendant has not waived his right to prosecution by information (see CPL 170.65 [3]), we must assess the sufficiency of the accusatory instrument based on the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368-369 [2015]). In order for the information to be facially sufficient, the "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions [must] establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see CPL 100.15 [3]; People v Dumay, 23 NY3d 518, 522 [2014]; People v Kalin, 12 NY3d 225 [2009]).
"A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" [*2](Penal Law § 10.00 [9]). "[S]ubstantial pain cannot be defined precisely, but . . . it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007] [internal quotation marks omitted]). "[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" are not within the definition of physical injury (Matter of Philip A., 49 NY2d 198, 200 [1980]). It must be something more than a mere technical battery (see People v Henderson, 92 NY2d 677, 680 [1999]). The factual portion of the information and the supporting deposition herein contain no allegations that the victim may have experienced "substantial pain" or sustained an "impairment of physical condition" (see Penal Law § 10.00 [9]; see People v Chiddick, 8 NY3d at 447; cf. People v Henderson, 92 NY2d at 680 [an information was legally sufficient where it alleged that the victim was pulled from a scooter and kicked in the legs, causing contusions and swelling, from which it could be inferred that the victim felt substantial pain]). Thus, so much of the information as charged defendant with the count of assault in the third degree is jurisdictionally defective, as the information and the accompanying supporting deposition fail to contain nonhearsay allegations that establish, if true, the element of physical injury. Consequently, so much of the order as dismissed this count of the information should not be disturbed.
The count charging defendant with criminal obstruction of breathing or blood circulation should not have been dismissed. While there is no requirement with respect to this count that a defendant cause any pain or injury, the allegations must demonstrate, prima facie, an intent to "impede the normal breathing or circulation of the blood" (Penal Law § 121.11 [a]). The allegations contained in the information that defendant's hands were around the victim's neck, together with the allegation contained in the supporting deposition that defendant had choked the victim, are sufficient to establish that defendant applied pressure on the victim's neck with the intent to impede her normal breathing. "[I]n the context of assessing the sufficiency of an accusatory instrument, [the Court of Appeals has] made clear that intent may be inferred from the act itself," as well as the surrounding circumstances (People v Hatton, 26 NY3d at 370 [internal quotation marks and citations omitted]). Consequently, the count in the information charging defendant with criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]) was not jurisdictionally defective (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]).
Accordingly, the order is modified by vacating so much thereof as granted the branch of defendant's motion seeking to dismiss the count of the information charging defendant with criminal obstruction of breathing or blood circulation and by providing that that branch of defendant's motion is denied; as so modified, the order is affirmed, and the matter is remitted to the Justice Court for all further proceedings.
Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: November 28, 2016