The People of the State of New York, Respondent, 
against
Dahlia Schwartz, Appellant.




Appellate Advocates (Michael Arthus of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jodi L. Mandel and Claibourne Henry of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Raymond Rodriguez, J.), rendered December 12, 2014. The judgment convicted defendant, after a nonjury trial, of attempted endangering the welfare of a child.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
Defendant was charged in a superseding information with endangering the welfare of a child (Penal Law § 260.10 [1]) and attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]). The accusatory instrument alleged that the deponent had been informed by an employee of the Administration for Children's Services that, on or about April 28, 2014, inside of an apartment located at 1684 West 10th Street, in Brooklyn:
"while informant was conducting a home visit, informant observed garbage, animal feces, clothing and multiple cats on the floor and throughout the location and that there was a strong odor in said location that became unbearable for informant.
The deponent is further informed by the informant that [a named person] appeared to be approximately nine years old due to [the named person's] small size and stature, and level of communication skills."
Prior to trial, the People moved to dismiss the count of endangering the welfare of a child, and the Criminal Court granted the motion. Following a nonjury trial, at which the employee from the Administration for Children's Services was the sole witness, defendant was convicted of attempted endangering the welfare of a child. On appeal, defendant contends that the accusatory instrument was facially insufficient since it fails to allege that there was any criminal conduct, attempted or otherwise, by defendant, or that defendant even had knowledge of the conditions in the apartment, or that either defendant or the child was ever present in the apartment. In fact, defendant notes that the instrument's factual section fails to mention her at all. The People concede that the accusatory instrument was facially insufficient and, consequently, agree that the [*2]judgment of conviction should be reversed and the accusatory instrument dismissed.
At the outset, it should be noted that defendant's contentions concerning the accusatory instrument's facial sufficiency are jurisdictional and, therefore, must be reviewed in spite of her failure to raise them in the Criminal Court (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Alejandro, 70 NY2d 133 [1987]). Furthermore, since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the sufficiency of an information as set forth in CPL 100.40 (1) (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]). Pursuant to CPL 100.40 (1), an information, or a count thereof, is sufficient on its face when: (a) it substantially conforms to the requirements prescribed in CPL 100.15; (b) the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and (c) nonhearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof (see Hatton, 26 NY3d at 368; Kalin, 12 NY3d at 228-229). Where the information fails to meet these requirements, it is jurisdictionally defective (see Hatton, 26 NY3d at 368). Defendant raises no hearsay claim on appeal, and, even if she had, the claim would have been waived by her failure to raise it in the Criminal Court (see People v Casey, 95 NY2d 354 [2000]). 
Criminal liability for attempted endangering the welfare of a child is imposed when a person tends to engage in conduct knowing it will present a likelihood of harm to a child, i.e., with an awareness of the potential for harm (see People v Hitchcock, 98 NY2d 586, 590-591 [2002]; People v Johnson, 95 NY2d 368, 372 [2000]; see also Penal Law § 15.05 [2]). We find, as the People correctly concede, that the accusatory instrument fails to set forth allegations establishing every element of the offense of attempted endangering the welfare of a child and defendant's commission thereof (see People v Comerford, 51 Misc 3d 149[A], 2016 NY Slip Op 50833[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). The information did not allege that defendant tended to act in a manner by which the welfare of the nine-year-old child was endangered.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 11, 2018