People v Michael H. (2021 NY Slip Op 50829(U))

[*1]

People v Michael H.

2021 NY Slip Op 50829(U) [72 Misc 3d 140(A)]

Decided on August 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-1828 D CR and

The People of the State of New York,
Respondent,
against
Michael H. (Anonymous), Appellant. 

Dutchess County Public Defender (Jennifer Burton of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeals from a judgment of the Justice Court of the Town of Wappinger, Dutchess County
(Carl S. Wolfson, J.), rendered July 19, 2018, and an amended judgment of that court rendered
September 6, 2018. The judgment, after a nonjury trial, adjudicated defendant a youthful offender
upon a verdict finding him guilty of forcible touching, and imposed sentence. The amended
judgment vacated so much of the sentence as imposed three years' probation and resentenced
defendant to six years' probation.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of
disposition; and it is further,
ORDERED that so much of the appeal as is from the portion of the judgment that imposed
three years' probation is dismissed as academic, as that portion of the judgment was superseded
by the amended judgment; and it is further,
ORDERED that the judgment adjudicating defendant a youthful offender, insofar as
reviewed, and the amended judgment are affirmed.
Defendant was charged, in two different informations, with forcible touching (Penal Law
§ 130.52 [1]) based upon two incidents. In one incident, defendant was alleged to have
squeezed the complainant's breasts (the charge at issue) and in the other incident, occurring 20
minutes earlier, of which defendant was acquitted, defendant was alleged to have touched the
[*2]complainant's buttocks.
The information at issue alleged that defendant "did intentionally and for no legitimate
purpose squeeze both breasts of [the complainant], without her consent and did so for his own
sexual gratification." The information was supported by depositions, including one by the
complainant in which she alleged that defendant
"came up to me and said 'look at those big breasts!' Then he reached out with both
hands and squeezed both of my breasts twice. I told him to get off me and I pushed him away. He
continued to try to put his arm around me but I kept pushing him away and telling him to leave
me alone."
At a nonjury trial, the complainant testified that, on October
21, 2016, when she was 17 years old, she was walking outside on her high school track during
gym class when defendant, a fellow classmate, in the presence of two other boys, touched her
buttocks, that defendant and the other boys were laughing, and that defendant said that they were
"just kidding." Approximately 20 minutes later, defendant squeezed her breasts twice. The
complainant further testified that she told defendant to get off her, did not give defendant consent
to touch her breasts, and felt "degraded" and "upset" after defendant touched her breasts.
Following the trial, defendant was acquitted of the charge based upon the allegation that
defendant had touched the complainant's buttocks but was found guilty of the charge based on
the allegation that he had squeezed the complainant's breasts. Defendant was adjudicated a
youthful offender and was sentenced to 30 days' incarceration and three years' probation.
Thereafter, the Justice Court vacated so much of defendant's sentence as imposed three years'
probation, as it was an illegal sentence, and resentenced defendant to six years' probation in
accordance with Penal Law §§ 60.02 (1) and 65.00 (3) (b) (ii).
On appeal, defendant argues that the accusatory instrument at issue was facially insufficient,
in that the intent element was not sufficiently pleaded, and that the verdict was against the weight
of the evidence.
For an information to be facially sufficient, the factual part thereof together with any
supporting deposition must contain nonhearsay allegations which establish, if true, every element
of the offense charged and the defendant's commission thereof (see CPL 100.40 [1] [c];
People v Dumay, 23 NY3d 518,
522 [2014]; People v Kalin, 12
NY3d 225 [2009]). These requirements, with the exception of a claim of hearsay, which is
waived if not raised by timely motion in the trial court, are jurisdictional, and may be raised at
any time (see People v Dreyden, 15
NY3d 100, 102-103 [2010]; People v Kalin, 12 NY3d at 228-229; People v
Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 360 [2000];
People v Alejandro, 70 NY2d 133, 135 [1987]).
Penal Law § 130.52 (1) provides, insofar as is relevant to the allegations in the
information, that a person is guilty of forcible touching "when such person intentionally, and for
no legitimate purpose, forcibly touches the sexual or other intimate parts of another person . . .
for the purpose of gratifying the actor's sexual desire." Intent may be inferred from the act itself
(see People v Hatton, 26 NY3d
364 [2015]). Here, the information together with the supporting depositions provide
sufficient factual allegations leading to an inference that defendant forcibly touched the
complainant "for no legitimate purpose" and "for the purpose of gratifying [defendant's] sexual
desire" (Penal Law § 130.52 [1]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great
deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their
demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v
Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Wu, 63 Misc 3d 159[A],
2019 NY Slip Op 50867[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). This court
weighs the relative probative force of conflicting testimony and the relative strength of
conflicting inferences that may be drawn from the testimony. This court must then determine,
based on the credible evidence, whether a different result would not have been unreasonable
(see Romero, 7 NY3d 633; Bleakley, 69 NY2d at 495). Upon our independent
review, we find that the guilty verdict was not against the weight of the evidence.
Accordingly, the judgment adjudicating defendant a youthful offender, insofar as reviewed,
and the amended judgment are affirmed.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2021