People v Veriguete (2021 NY Slip Op 50980(U))

[*1]

People v Veriguete (Hector)

2021 NY Slip Op 50980(U) [73 Misc 3d 132(A)]

Decided on October 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

571155/15

The People of the State of New York,
Respondent, 
against
Hector Veriguete, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Robert M. Mandelbaum, J.), rendered November 21, 2015, convicting him, upon a
plea of guilty, of reckless endangerment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered November 21, 2015,
affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instrument based on the standard applicable to an information (see People v
Hatton, 26 NY3d 364, 368 [2015]). So viewed, the information charging reckless
endangerment in the second degree (see Penal Law § 120.20) was jurisdictionally
valid because it contained "nonconclusory factual allegations that, if assumed to be true,
address[ed] each element of the crime charged, thereby affording reasonable cause to believe that
defendant committed that offense" (People v Matthew P., 26 NY3d 332, 335-336 [2015]
[internal quotation marks omitted]; see People v Kalin, 12 NY3d 225, 228-229
[2009]).
The information recited that on November 20, 2015, at 11:45 p.m., a police officer
responding to a radio run of a possible assault, observed defendant, who matched the description
of the assault suspect. When the officer approached, defendant stated "you'll have to catch me
first" and then "r[a]n across Second Avenue through four lanes of traffic," causing
"approximately three cars to stop abruptly to avoid hitting [him]". As the officer chased
defendant, "two cars stopped abruptly in order to avoid hitting [the officer]." Giving these
allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95
NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading"
(People v Davis, 13 NY3d 17, 31 [2009]), that they were sufficient to support a finding
that defendant acted recklessly, and that his actions "create[d] a substantial risk of serious
physical injury to another person" (Penal Law § 120.20), as well as creating the risk of
automobile accidents (see Matter of
[*2]Carlil M., 116 AD3d 543 [2014]; Matter of
William H., 264 AD2d 676 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 20, 2021