People v King (2021 NY Slip Op 51216(U))

[*1]

People v King (James)

2021 NY Slip Op 51216(U) [73 Misc 3d 143(A)]

Decided on December 20, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 20, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570016/21

The People of the State of New York,
Appellant,
against
James King, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, New York
County (Marisol Martinez Alonso, J.), dated February 6, 2020, which granted defendant's motion
to dismiss the accusatory instrument for facial insufficiency.

Per Curiam.
Order (Marisol Martinez Alonso, J.), dated February 6, 2020, reversed, on the law,
defendant's motion denied, the accusatory instrument reinstated and the matter remitted to
Criminal Court for further proceedings.
The accusatory instrument, which in this case was required to meet the standards that apply
to an information, was not jurisdictionally defective. The factual allegations in the information
suffice to establish a prima facie case of forcible touching (see Penal Law §
130.52[1],[2]) and third-degree sexual abuse (see Penal Law § 130.55), and in
particular satisfy the lack of consent element of the offenses. The instrument recited that
defendant followed the victim onto a subway train, grabbed her buttocks and then "push[ed] his
groin up against" her buttocks and "repeatedly rub[bed] against her" when there was "space
behind the defendant" and the parties did not engage in any conversation before, during or after
the incident. These allegations were sufficient to support the inference that the victim did not
acquiesce to defendant's actions (see Penal Law § 130.05[2][c][lack of consent in
sexual abuse or forcible touching prosecution results from "any circumstances ... in which the
victim does not expressly or impliedly acquiesce in the actor's conduct"]; People v Hatton, 26 NY3d 364,
370 [2015]; People v Roebuck, 65
Misc 3d 148[A], 2019 NY Slip Op 51819[U] [App Term, 1st Dept 2019], lv denied
34 NY3d 1132 [2020]; People v
Nobles, 57 Misc 3d 135[A], 2017 NY Slip Op 51267[U][App Term, 1st Dept 2017]; People v White, 26 Misc 3d
129[A], 2010 NY Slip Op 50022[U][App Term, 1st Dept 2010]["absence of a verbal protest
by the victim does not compel a finding that she impliedly acquiesced in the sexual contact to
which she was subjected by defendant"]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 20, 2021