People v Urbano (2022 NY Slip Op 50099(U))

[*1]

People v Urbano (Miguel)

2022 NY Slip Op 50099(U) [74 Misc 3d 129(A)]

Decided on February 17, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 17, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Silvera, JJ.

570225/16

The People of the State of New York,
Respondent, 
against
Miguel Urbano, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Kate Paek, J. at plea; Heidi C. Cesare, J. at sentencing), rendered March 28, 2016,
convicting him, upon his plea of guilty, of attempted forcible touching, and imposing
sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J. at plea; Heidi C. Cesare, J. at sentencing), rendered
March 28, 2016, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518
[2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described
facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of forcible touching (see Penal Law § 130.52). The instrument recited that defendant
"push[ed] his groin up against" the victim's buttocks on a subway train and "repeatedly rub[bed]
against her"; that he "alternate[d] between rubbing the groin area of [his] pants in a circular
motion and touching the [victim's] buttocks" with his hand; that the victim "turn[ed] around
several times to look at" defendant; and that the parties did not engage in any conversation before
the victim "depart[ed] the train without the defendant." These allegations were sufficient to
support the inference that the victim did not acquiesce to defendant's actions (see Penal
Law § 130.05[2][c][lack of consent results from "any circumstances ... in which the victim
does not expressly or impliedly acquiesce in the actor's conduct"]; People v Hatton, 26 NY3d 364,
370 [2015]; People v Roebuck, 65
Misc 3d 148[A], 2019 NY Slip Op 51819[U] [App Term, 1st Dept 2019], lv denied
34 NY3d 1132 [2020]; People v
Nobles, 57 Misc 3d 135[A], 2017 NY Slip Op 51267[U][App Term, 1st Dept 2017]; People v White, 26 Misc 3d
129[A], 2010 NY Slip Op 50022[U][App Term, 1st Dept 2010]["absence of a verbal protest
by the victim does not compel a finding that she impliedly acquiesced in the sexual contact to
which she was subjected by defendant"]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 17, 2022