People v Hincapie (2022 NY Slip Op 50889(U))

[*1]

People v Hincapie (Michael)

2022 NY Slip Op 50889(U) [76 Misc 3d 130(A)]

Decided on September 22, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 22, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570280/17

The People of the State of New York,
Respondent,
against
Michael Hincapie, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the Criminal
Court of the City of New York, New York County (Steven M. Statsinger, J. at plea and
sentencing; Heidi C. Cesare, J. at resentencing), rendered on March 30, 2017, convicting him,
upon his pleas of guilty, of two counts of forcible touching, and imposing sentence.

Per Curiam.
Judgments of conviction (Steven M. Statsinger, J. at plea and sentencing; Heidi C. Cesare, J.
at resentencing), rendered on March 30, 2017, affirmed.
Since defendant did not waive prosecution by information, we assess the sufficiency of the
accusatory instruments based on the standards applicable to an information (see People v
Hatton, 26 NY3d 364, 368 [2015]). So viewed, the informations charging forcible touching
(see Penal Law § 130.52[1]) were jurisdictionally valid because the factual
allegations established every element of the offense and defendant's commission thereof (see
People v Inserra, 4 NY3d 30 [2004]). The information under docket number 2015NY047337
recites that a police officer observed defendant "push his groin up against" a woman's buttocks
while inside a subway car, "repeatedly rub his groin against her" buttocks, "use his hand to touch
the woman's upper thigh," repeat this conduct three additional times with different women; and
then, after exiting the train and entering a new one, repeat the conduct with a different woman.
The information under docket number 2016NY028706 recites that a police officer observed
defendant follow a female passenger into a subway car, "push his groin up against" her buttocks,
then repeat this conduct after the victim moved away; and that another officer observed that
defendant's penis was erect and defendant was rubbing it with his hand. Based upon these
allegations, it can be reasonably inferred that defendant touched the victims for the purpose of
degrading or abusing them or to gratify his sexual desires (see People v Hatton, 26 NY3d
at 370; People v Guaman, 22 NY3d 678 [2014]; People v Bookard, 167 AD3d 424 [2018], lv denied 32
NY3d 1169 [2019]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 22, 2022