People v Daniels (2023 NY Slip Op 51007(U))

[*1]

People v Daniels (Romain)

2023 NY Slip Op 51007(U)

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570106/19

The People of the State of New York, Respondent,
against
Romain Daniels, Defendant-Appellant.

In consolidated criminal proceedings, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J.), rendered October 3, 2018, convicting him, upon his pleas of guilty, of two counts of forcible touching, and imposing sentence.

Per Curiam.
Judgments of conviction (Angela J. Badamo, J.), rendered October 3, 2018, affirmed.
As part of a global resolution of three separate criminal prosecutions arising from allegations that, inter alia, defendant sexually assaulted two separate women on two separate dates, defendant pleaded guilty to one count of forcible touching (see Penal Law § 130.52[1]) under docket number 2018NY029348 and one count of forcible touching under docket number 2018NY033929, in exchange for two concurrent four-month jail sentences. The People agreed to "dismiss as covered" the third accusatory instrument, docket number 2018NY027399, charging defendant with, inter alia, third-degree assault. 
Since defendant waived the right to be prosecuted by information, the accusatory instruments only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instruments were jurisdictionally valid, since they described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of two counts of forcible touching. The information under docket number 2018NY029348 recites that the victim "observed the defendant slap her buttocks and grab her vagina" and that she "did not consent to the defendant touching her." The information under docket 2018NY033929 recites that the victim "observed the defendant grab her buttocks with his hand and squeeze her buttocks," without her consent, and that defendant stated "I'm ready." Based upon these allegations, it can be reasonably inferred that defendant intentionally touched the victims for the purpose of degrading or abusing them or to gratify his sexual desires (see People v Hatton, 26 NY3d 364, 3689 [2015]; People v Guaman, 22 NY3d [*2]678 [2014]; People v Bookard, 167 AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2023