People v Moronta (2023 NY Slip Op 51108(U))

[*1]

People v Moronta (Miguel)

2023 NY Slip Op 51108(U)

Decided on October 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570141/18

The People of the State of New York, Respondent,
against
Miguel Moronta, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Sheryl L. Parker, J.H.O.), rendered October 10, 2017, convicting him, upon a plea of guilty, of violating Public Health Law § 229, and imposing sentence.

Per Curiam.
Judgment of conviction (Sheryl L. Parker, J.H.O.), rendered October 10, 2017, affirmed. 
Since defendant did not waive prosecution by information, the sufficiency of the accusatory instrument is based on the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015)). So viewed, the information charging defendant with driving with a suspended registration (see Vehicle and Traffic Law § 512) was jurisdictionally valid. The factual allegations that defendant was "picked up" by a license plate reader "driving a [motor vehicle] with a suspended registration as of 5/22/17 due to no insurance in effect," and that defendant acknowledged the problem when he told the officer "I just paid the insurance," were sufficient nonconclusory factual allegations, thereby affording reasonable cause to believe that defendant committed the offense (see People v Matthew P., 26 NY3d 332, 335-336 [2015]; People v Kalin, 12 NY3d 225, 228-229 [2009]).
The record fails to support the conclusion that defendant's guilty plea was knowing, intelligent and voluntary. The court did not ask defendant any questions during the plea proceeding and defendant did not speak; nor was defendant advised of any constitutional rights he was waiving (see People v Moore, 24 NY3d 1030 [2014]; People v Tyrell, 22 NY3d 359, 365-366 [2013] ["[p]resuming waiver from a silent record is impermissible" (internal citation omitted)]). Nevertheless, the only relief defendant requests is dismissal, and he expressly requests that we affirm his conviction if we do not grant a dismissal. Since it cannot be said that no penological purpose would be served by a remand, dismissal is not warranted and therefore we affirm on this basis (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Boynton, 217 AD3d 583 [2023], lv denied — NY3d —, 2023 NY Slip Op 97839[U] [2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 18, 2023