People v Sacko (2025 NY Slip Op 50928(U))

[*1]

People v Sacko (Issa)

2025 NY Slip Op 50928(U)

Decided on June 9, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 9, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570608/19

The People of the State of New York, Respondent, 
against
Issa Sacko, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Sheryl L. Parker, J.H.O.), rendered July 12, 2019, convicting him, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Sheryl L. Parker, J.H.O.), rendered July 12, 2019, affirmed.
The accusatory instrument charging aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law [VTL] § 511 [1] [a]), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid. The factual portion of the complaint alleges that defendant operated a motor vehicle on September 28, 2018, while knowing that his license was suspended. The complaint was supported by the certified abstract of defendant's driving record, which established, among other things, that defendant's license was previously suspended on 11 occasions, six resulting from failure to answer a summons, four resulting from failure to pay a fine, and one from failure to pay an assessment. The abstract further shows that defendant had two (2015) convictions for operating a vehicle without a license and one (2017) conviction for third-degree aggravated unlicensed operation of a motor vehicle.
These allegations, if true, "establish every element of the offense charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020] [internal quotation marks and citation omitted]), i.e., that defendant operated a motor vehicle on September 28, 2018 while knowing or having reason to know his license was suspended. Contrary to defendant's present contention, his knowledge or reason to know that his license was suspended on the date of the incident, as required by VTL § 511 (1) (a), is established by his prior convictions for unlicensed driving and his 2017 conviction for third-degree aggravated unlicensed operation of a motor vehicle (see People v Osier, 17 AD3d 609 [2005], lv denied 5 NY3d 767 [2005]; see also People v Wilis,  NY3d , 2025 NY Slip Op 01405 [Mar. 13, 2025, Troutman, J.]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 9, 2025