People v Elhaddad (2026 NY Slip Op 50305(U))

[*1]

People v Elhaddad (Ali)

2026 NY Slip Op 50305(U)

Decided on March 13, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

570161/22

The People of the State of New York, Respondent,
againstAli Elhaddad, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Herbert J. Moses, J.), rendered November 16, 2021, after a nonjury trial, convicting him of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Herbert J. Moses, J.), rendered November 16, 2021, affirmed.
The accusatory instrument charging third-degree sexual abuse (see Penal Law § 130.55), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid because it set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020] [internal quotation marks and citation omitted]). The lack of consent element of the offense (see Penal Law § 130.05 [2] [c]) was satisfied by allegations that defendant pushed his groin up against a woman's buttocks on a subway car and repeatedly rubbed against her, and that the victim "looked back at the defendant and moved away." At the pleading stage, these allegations support the inference that the victim did not acquiesce to defendant's actions (see Penal Law § 130.05 [2] [c][lack of consent results from "any circumstances ... in which the victim does not expressly or impliedly acquiesce in the actor's conduct"]; People v Hatton, 26 NY3d at 370; People v Nobles, 57 Misc 3d 135[A], 2017 NY Slip Op 51267[U] [App Term, 1st Dept 2017]; People v White, 26 Misc 3d 129[A], 2010 NY Slip Op 50022[U] [App Term, 1st Dept 2010]).
We have considered defendant's remaining contentions, including the request that this court "reconsider" a now four year-old decision, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: March 13, 2026