People v Rizzo
2026 NY Slip Op 50876(U)
June 9, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Forcible Touching--Sufficiency of Accusatory Instrument

The People of the State of New York, Respondent,
v
James Rizzo, Defendant-Appellant.

Supreme Court, Appellate Term, First Department
Decided on June 9, 2026
570304/23
Present: Tisch, J.P., Perez, Alpert, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa T. Lewis, J.), rendered March 15, 2023, convicting him, upon his plea of guilty, of forcible touching, and imposing sentence.
[*1]
Per Curiam.
Judgment of conviction (Melissa T. Lewis, J.), rendered March 15, 2023, affirmed.
The accusatory instrument charging forcible touching (see Penal Law § 130.52 [1], [2]), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid because it set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020] [internal quotation marks and citation omitted]). The instrument alleges that defendant walked past two women on a public street and used his right hand to firmly slap each of them on the buttocks, causing the first woman to "look back and shake her head in a disgusted fashion" with a "wide-eyed and ... stern expression on her face," and causing the second woman to "look back in an alarmed fashion and stop walking." The officer further stated that neither victim spoke to defendant, nor did he see either victim give any "non-verbal indication to defendant to give him consent to touch her."
Contrary to defendant's present claims, these factual allegations were sufficient to support the inference that the victims did not acquiesce to defendant's actions (see Penal Law § 130.05 [2] [c]). The reasonable inferences to be drawn from the factual allegations are that defendant initiated the conduct and took each complainant by surprise. Also, the allegations that defendant's actions, among other things, "alarmed" and "disgusted" complainants further supports the inference that neither of them acquiesced to defendant's actions (see People v Hatton, 26 NY3d at 370; People v Roebuck, 65 Misc 3d 148[A], 2019 NY Slip Op 51819[U] [App Term, 1st Dept 2019], lv denied 34 NY3d 1132 [2020]).
With respect to the mens rea element, defendant's intent to degrade or abuse the victims [*2](see Penal Law § 130.52) is reasonably inferred from his conduct and the surrounding circumstances, including the intimate nature of the act done without complainants' consent in a public location, and the humiliation evoked by such conduct (see People v Hatton, 26 NY3d at 371; Matter of Traekwon I., 152 AD3d 431, 432 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 9, 2026