People v Collins
2026 NY Slip Op 03742
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Christopher Collins, Defendant-Appellant.

Decided and Entered: June 11, 2026
Ind No. 02144/15|Appeal No. 6888|Case No. 2017-942|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Chirstopher Collins, appellant pro se.
Alvin L. Bragg, Jr., District Attorney, New York (Ethan Solomon of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered September 29, 2016, as amended October 13, 2016, convicting defendant, after a jury trial, of persistent sexual abuse, and sentencing him, as a second violent felony offender, to a term of four years, unanimously affirmed.
Defendant failed to preserve his contention that the verdict is unsupported by legally sufficient evidence because two police witnesses did not corroborate one another (see People v Iscenko, 210 AD3d 441, 442 [1st Dept 2022]), and we decline to reach it in the interest of justice. Alternatively, we reject it on the merits. The People presented legally sufficient evidence to support defendant's conviction for persistent sexual abuse (People v Denson, 26 NY3d 179, 188 [2015]; People v Danielson, 9 NY3d 342, 349 [2007]). Police officers observed that defendant stood directly behind the victim on a subway train and rubbed his groin against her buttocks by moving his hips from side to side against her body, causing the victim to become upset and shocked, indicating a lack of consent (see Penal Law § 130.05[2][c]; see also People v Hatton, 26 NY3d 364, 370 [2015]). Thereafter, one of the observing officers saw that defendant's penis was erect (see Penal Law § 130.00[3]). While both police officers saw the incident, one had a better vantage point, and the jury was entitled to credit the testimony of both officers (see People v Li, 34 NY3d 357, 364 [2019]). Under these circumstances, defendant's unmistakable sexual contact with a stranger on the subway was neither consensual nor inadvertent (cf. People v Lopez, 168 AD3d 418, 419 [1st Dept 2019], lv denied 33 NY3d 1033 [2019]).
Additionally, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). While the officer with the weaker vantage point did not see everything that the other officer saw, the former's testimony was corroboratived by the latter's account and did not give rise to any "conflicting inferences" that would provide a basis for this Court to set aside the verdict (People v Romero, 7 NY3d 633, 643 [2006]).
Defendant's acquittal on one count of persistent sexual abuse related to another victim does not necessitate acquittal for his abuse of the second victim because this is not a case where "acquittal on one crime . . . is conclusive as to a necessary element of the other crime" (People v Tucker, 55 NY2d 1, 7 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026